# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | Case No. 10-08068-dd |
| Angela Whetstone, | ) | |
| | ) | Adv. Pro. No.: 11-80012-dd |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| Angela Whetstone, | ) | C/A No.: 5:11-cv-1560-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Blue World Pools, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ ) | | |

This matter is before the court on Blue World Pools, Inc.'s motion to withdraw the reference of adversary proceeding No. 11-80012, which is currently pending in the United States Bankruptcy Court for the District of South Carolina. Plaintiff Angela Whetstone had until July 11, 2011, to respond to Blue World Pools' motion, but has elected not to do so. Blue World Pools files its motion pursuant to 28 U.S.C. § 157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Because Ms. Whetstone's complaint requires the court to engage in substantial and material consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce—in particular the Truth in Lending Act and the Home Ownership and Equity Protection Act—Blue World Pools contends that withdrawal of this reference is mandatory. Blue World Pools further believes that the court should withdraw the reference on a permissive basis because it has shown sufficient cause to warrant such action. It argues that the claims asserted by Ms. Whetstone in her adversary proceeding are non-core to the bankruptcy proceeding and are motivated by forum-shopping, as the claims she asserts in the adversary proceeding are identical to the claims asserted in four other cases brought before this court of which Ms. Whetstone was previously a party. After considering Blue World Pools' motion, as well as the fact that Ms. Whetstone elected not to oppose that motion, the court grants the motion to withdraw the reference of adversary proceeding number 11-80012.

Having taken the case from the United States Bankruptcy Court for the District of South Carolina, the court also addresses Blue World Pools' motion to stay the case and compel arbitration. Ms. Whetstone did oppose this motion, and the parties' briefs echo the arguments made before this court in *Lawrence v. Blue World Pools Inc.* (8:11-cv-1099-JFA), *Glasser v. Blue World Pools Inc.* (3:11-cv-1086-JFA), *Braden v. Blue World Pools Inc.* (5:11-cv-1091-JFA), *Tant v. Blue World Pools Inc.* (9:11-cv-1102-JFA). After considering the parties' briefs, the court maintains its belief that the law requires the court to uphold the arbitration provision contained in the parties' contract. Therefore, the court

grants Blue World Pools' motion to stay this case and compel arbitration for the reasons stated in its order issued in those cases.

      IT IS SO ORDERED.

July 21, 2011　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　United States District Judge